**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

MOD JEWELRY GROUP, INC.         CASE NO. 25-2033-PDR
                                                                              CHAPTER 11

     Debtor.
_____/

## **DECLARATION OF LEN D. WEISS IN SUPPPORT OF FIRST DAY MOTIONS**

       1.      My name is Len. D. Weiss, and I am the Chief Executive Officer of MOD Jewelry Group, Inc.

       2.      I am over the age of eighteen years old and make the following declaration based upon my personal knowledge of the information contained herein.

       3.      This case was commenced by the Debtor on September 4, 2025, by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").

       4.      I make this declaration in support of Debtor's Expedited Motion for Interim and Final Orders (I) Authorizing Debtor to Use Cash Collateral and (II) Scheduling Final Hearing to Extend Needed ("Cash Collateral Motion") (ECF 6); the Application for Interim and Final Order Authorizing the Employment and Retention of Jordan L. Rappaport, Esq., and Rappaport Osborne & Rappaport, PLLC, as Attorney for the Debtor, as of the Petition Date, September 4, 2025 ("Motion to Employ") (ECF 7); and the Motion for Joint Administration ("Joint Administration").

       5.      The Debtor was incorporated on December 23, 2016, and its business is related to the distribution and sale of branded jewelry, specifically motorcycle themed.

       6.      As of the Petition Date the Debtor had four (4) bank accounts with City National Bank, and one (1) with the Bank of California, with funds totaling in the amount of $546.95. Said amount constitutes all of the cash collateral in this case.

54868913;2

7. It is essential to use cash collateral and all of its assets to fund Debtor's day-to-day operations, and ultimately achieve a successful reorganization

8. Should the Debtor be allowed to use the cash collateral to continue business operation, the Debtor projects that ordinary and anticipated cash flows will be able to cover expenses for the immediate future without the need for expensive and onerous debtor-in-possession financing. Access to cash collateral is crucial to Debtor's ability to avoid immediate harm to its bankruptcy estate, its ongoing business, and its creditors, and in the end a viable reorganization.

9. The budget submitted to the Court in the Cash Collateral Motion was prepared at my direction. After reviewing the same it is accurate to the best of my knowledge.

10. As to the Motion to Employ, I have authorized the employment of Jordan L. Rappaport, Esq, and Rappaport Osborne & Rappaport PLLC, as attorneys for the Debtor.

11. Finally, I have requested the joint administration of the bankruptcy cases of Steel Horse Jewelry, Inc. (case no. 25-20334-SMG) and MOD Jewelry Group, Inc. (case no. 25-2033-PDR) (collectively, the "Debtors"), as the same are affiliates of each other, and I am the Chief Executive Officer of both of the Debtors, in addition to owning 100% of each of the companies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: September 4, 2025

/s/ Len D. Weiss_____
Len D. Weiss
CEO of MOD Jewelry Group, Inc.

54868913;2

54868913;2